Robert P. SMITH, III, Plaintiff–Appellant,

v.

James GOMEZ, Defendant–Appellee.

No. 00–15325.

D.C. No. CV–93–5390–AWI/DLB.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 12, 2001.[1]

Decided Feb. 22, 2001.

1. Because the panel unanimously finds this case suitable for decision without oral argument, Smith's request for oral argument is denied. *See* Fed. R.App. P. 34(a)(2).

Before LEAVY, THOMAS, and RAWLINSON, Circuit Judges.

## MEMORANDUM[2]

Robert P. Smith, a California state prisoner, appeals pro se the district court's order denying his motion to reconsider summary judgment for defendant in Smith's 42 U.S.C. § 1983 action alleging denial of access to the courts because the state prison system's indigence policy requires Smith to choose between buying necessary hygiene supplies and buying legal supplies. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we vacate and remand.

We lack jurisdiction to address Smith's contentions regarding the merits of the district court's original entry of judgment because Smith both failed to file a notice of appeal within 30 days of the district court's order granting summary judgment for defendant and failed to file a timely post-judgment tolling motion. Accordingly, we review only the district court's order denying Smith's motion to reconsider.

"An untimely motion for reconsideration is construed as a motion based on Fed. R.Civ.P. 60(b)." *Mt. Graham Red Squirrel v. Madigan,* 954 F.2d 1441, 1463 n. 35 (9th Cir.1992). Denial of such a motion is reviewed for abuse of discretion. *See School Dist. No. 1J, Multnomah County v. ACandS, Inc.,* 5 F.3d 1255, 1262 (9th Cir. 1993).

Smith contends his failure to file an opposition to summary judgment was due to excusable neglect. He claims he relied on the court's "information packet," which stated that if defendant filed a motion, the clerk of court would send Smith "a schedule stating when your response will be due." We conclude the district court abused its discretion by failing to conduct the requisite equitable analysis to determine whether Smith's failure to oppose summary judgment was due to excusable neglect. *See Bateman v. United States Postal Serv.,* 231 F.3d 1220, 1224 (9th Cir. 2000).

We also note that the district court's summary judgment order rests in part on the canteen purchase slips presented by defendant that the court had previously "stricken" due to "numerous reliability problems."

Accordingly, we vacate the district court's order denying the motion for reconsideration and remand for the district court to determine excusable neglect and to consider its reliance on stricken evidence.

Smith's "motion to correct omissions from the record," filed March 20, 2000, is denied.

Each party shall bear its own costs.

VACATED and REMANDED.

**2.** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.